UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN LANE,

      Plaintiff,

      v.                              CAUSE NO. 3:25-CV-906-CCB-SJF

STEPHAINE RAHL,

      Defendant.

## OPINION AND ORDER

Steven Lane, a prisoner without a lawyer, filed a complaint seeking monetary compensation and the overturning of his State conviction because Deputy Prosecutor Stephaine Rahl charged him 28 days after he was arrested. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lane argues Deputy Prosecutor Rahl maliciously charged him more than 72 hours after he was arrested. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they

act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). This complaint does not state a claim against Deputy Prosecutor Rahl because she has prosecutorial immunity.

Lane also asks to have his conviction overturned. That is not possible in this case because habeas corpus is the exclusive federal remedy for that relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Suing an immune defendant fails to state a claim and is legally frivolous. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822-24 (7th Cir. 2025). So too is seeking relief unavailable in a civil rights lawsuit.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on April 22, 2026.

    /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

2